## Schwerdfeger *v.* Columbia Gesang Verein, Appellant.

*Affidavit of defense—Corporation—Practice, C. P.*

In an action against a corporation not for profit, it appeared that suit was begun against the defendant on several certificates of indebtedness which, with others, had been issued to raise a fund for the construction of a building. The affidavit of defense averred that the certificates had been issued with the understanding and agreement that payment thereof could not be demanded, but that they should be paid out of any surplus by annual drawings. On the face of the certificate was printed a resolution of the corporation to the effect "that any surplus remaining over after paying all expenses necessary for the maintenance of its property, or the welfare of the society, shall be applied to cancel outstanding certificates of indebtedness by annual drawings." *Held,* that the affidavit was sufficient to prevent judgment.

Argued Oct. 19, 1904. Appeal, No. 4, March T., 1904, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1904, No. 1172, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles Schwerdfeger v. Columbia Gesang Verein. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Charles Lehr*, for appellant.—Since the certificates of indebtedness did not state the time for payment it was competent for the defendant to supply it by a parol, contemporaneous agreement: Horner v. Horner, 145 Pa. 258 ; Shughart v. Moore, 78 Pa. 469 ; Powelton Coal Co. v. McShain, 75 Pa. 238.

*Charles F. Linde*, for appellee.—The affidavits of defense are insufficient because they refer to an agreement or understanding had between the parties " that payment of the certificate of indebtedness could not be demanded."

" If such an agreement was made it was either parol or in

writing, and the affidavits should state it, if parol the substance of it, and if in writing a copy should be furnished:" Brown v. Rogers, 3 W. N. C. 12.

As no time for payment is mentioned in the certificates of indebtedness, the legal inference is, that they are payable on demand: Byles on Bills, page 169; Keys v. Errin, 4 W. N. C. 382; Horner v. Horner, 145 Pa. 258.

OPINION BY BEAVER, J., November 21, 1904:

The plaintiff moved for judgment for want of a sufficient affidavit of defense in a suit in which his statement of claim was based upon fifteen several certificates of indebtedness of $10.00 each, made and delivered by the defendant to him. The affidavit states that he was a member of the defendant corporation and one of the originators of the plan by which the funds for the erection of a hall for the purposes of the society were secured by the issuing of certificates of indebtedness aggregating about $10,000, of which $4,000 yet remain unpaid.

The defendant is a corporation, not for profit, incorporated by the court of common pleas of Philadelphia county as a singing society.

Upon the face of the certificates appear printed extracts from the minutes of April 3, 1889. The printed copy in the paper-book and evidently the copy, as set forth in the statement, sets forth the date as 1899 but this is alleged in the affidavit of defense to be an error and apparently must be so, as the certificate is dated May 14, 1889. Assuming, therefore, that the date is as alleged in the affidavit of defense, the plaintiff accepted the certificate of indebtedness which conveyed upon its face the information contained in the resolutions adopted by the society and placed upon their minutes as follows:

" Resolved that the Columbia Gesang Verein will pay an annual interest of four per cent beginning January 1, 1890.

" Resolved, that any surplus remaining over after paying all expenses necessary for the maintenance of its property, or the welfare of the society, shall be applied to cancel outstanding certificates of debtedness by annual drawings."

We have, therefore, the agreement alleged in the affidavit of defense, by which "said certificates of indebtedness were

issued by the defendant and accepted by the plaintiff and others, with the understanding and agreement that payment thereof could not be demanded; that to this end the scheme of drawing was devised to preserve equality among the certificate holders and to prevent any such certificate holder from obtaining any preference over the others, either by suit or otherwise;" and this alleged agreement is corroborated by the resolution impressed upon the certificate itself, as is shown in the copies attached to the plaintiff's statement. Why, therefore, should the plaintiff be allowed to recover in this case, in violation of the alleged agreement between him and the association as set forth in the affidavit? As stated in the affidavit, " to permit the plaintiff to recover in this action would be in direct violation of the agreement upon which the defendant issued the certificates and upon which all of the certificate holders accepted their respective certificates." Independently, therefore, of the question as to whether the plaintiff's statement is sufficient, we think the affidavit sets forth a valid defense to a recovery at the present time.

The rule for judgment for want of a sufficient affidavit of defense should have been discharged. Judgment reversed and record remitted, with procedendo.